# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERI-FORCE MANAGEMENT SERVICES, INC., *et al.*,<br><br>Defendants. | Case No. 15-cv-01310-BAS(DHB)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S RULING REGARDING REIMBURSEMENT OF TRAVEL EXPENSES**<br><br>**[ECF No. 32]** |

On March 1, 2016, Plaintiff and his counsel failed to appear at the Early Neutral Evaluation Conference ("ENE") scheduled for this case. (ECF No. 15.) As a result, United States Magistrate Judge David H. Bartick ultimately ordered Plaintiff's counsel to reimburse Defendants for $3,868.40 in expenses. (ECF No. 31.) Defendants incurred these expenses to travel from the East Coast of the United States to attend the ENE, which had been previously continued to accommodate Plaintiff's counsel's availability. (ECF Nos. 16, 31.) Plaintiff now objects to Judge Bartick's ruling under Federal Rule of Civil Procedure 72(a). (ECF No. 32.) For the following reasons, the Court **OVERRULES** Plaintiff's Objection.

## I. BACKGROUND

On March 1, 2016, Judge Bartick issued an Order to Show Cause ("OSC") based on Plaintiff Adrian Solis's and his counsel's failure to appear at the ENE that was held on the same day. (ECF No. 15.) Plaintiff responded to the OSC on March 16, 2016, and his counsel offered to pay the reasonable travel expenses incurred by Defendants' appearance at the ENE. (ECF No. 17.) Defendants replied on March 23, 2016, seeking reimbursement of travel costs and attorneys' fees incurred as a result of attending and preparing for the ENE. (ECF No. 21.) In support of their reimbursement request, Defendants submitted receipts for airfare and two nights of lodging, transportation, and meals. (ECF Nos. 21-2, 21-3.)

On March 25, 2016, having reviewed the parties' submissions and the supporting documentation, Judge Bartick found it appropriate to order Plaintiff's counsel to reimburse Defendants' representatives for their travel costs to San Diego to attend the ENE, but he declined to order reimbursement of Defendants' attorneys' fees. (ECF No. 22.) Specifically, Judge Bartick ordered Plaintiff's counsel to reimburse Defendant Ameri-Force Management Services, Inc. in the amount of $1,503.90 and Defendant International Marine and Industrial Applicators, LLC ("IMIA") in the amount of $2,887.92 by April 29, 2016. (*Id.*) Plaintiff then filed a motion requesting Judge Bartick modify his ruling. (ECF No. 23.) He argued it was not reasonable for Defendants to rent cars and stay in a hotel for two nights in San Diego to attend the ENE. (*Id.*) Plaintiff also disputed one of the Defendant's request for reimbursement of first-class airfare. (*Id.*)

Judge Bartick granted in part and denied in part Plaintiff's motion. (ECF No. 31.) He reasoned it was reasonable for Defendants' representatives to stay in a hotel for two nights given (i) the distance they traveled from the East Coast to attend the ENE and (ii) the scheduled time of the ENE—10:00 a.m. (*See id.* at 3.) Judge Bartick also concluded that it was "not unreasonable for Defendants' representatives to choose to use rental cars for their transportation needs." (*Id.* at 3–4.) Thus, he denied

Plaintiff's request to modify the order requiring Plaintiff's counsel to reimburse Defendants for these expenses. (*Id.* at 4.)

Regarding airfare, however, Judge Bartick found that reimbursement for first-class airfare was inappropriate. (ECF No. 32 at 2.) After a thorough search and analysis of first-class tickets and coach tickets on Delta Airlines flights from Pensacola, Florida, to San Diego, California, Judge Bartick concluded that first-class airfare cost approximately 25% more than a coach ticket. (*Id.* at 2–3.) Thus, Judge Bartick granted in part Plaintiff's motion and amended the initial reimbursement order by reducing the amount of reimbursement to IMIA to $2,374.50, which represented a 25% reduction in reimbursement for IMIA's airfare. (*Id.* at 4.) Plaintiff now objects to Judge Bartick's order. (ECF No. 32.)

## II.   LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72. The magistrate judge's order will be upheld unless it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A). Review under this standard is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g.*, *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal

conclusions." *Gandee*, 785 F. Supp. at 686. "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

### III. ANALYSIS

Judge Bartick's determination of whether Defendants' travel expenses were reasonable was discretionary and made in connection with a non-dispositive pretrial matter. Thus, the Court applies the clearly erroneous standard to Plaintiff's Objection to Judge Bartick's May 6, 2016, Order (ECF No. 31). *See* 28 U.S.C. § 636(b)(1)(A). In objecting to Judge Bartick's Order, Plaintiff makes a series of arguments based on the well-established rule that a court may reduce costs that are unreasonably large or not supported by adequate documentation. (Obj. at 4–9.)

First, Plaintiff argues Defendants' expenses for two nights of lodging and meals were unreasonable because it was only necessary for Defendants to stay in San Diego for one night to attend the ENE. (Obj. at 5.) The Court disagrees. Although staying in a hotel for two nights might not have been necessary, it was not unreasonable. Defendants' representatives had to travel from the East Coast of the United States to attend an ENE scheduled early in the morning, and it was unclear how long the ENE would last. Thus, Defendants' decision to not attempt to squeeze in one or two cross-country flights on the day of the ENE was reasonable. Consequently, Judge Bartick's conclusion regarding reimbursement for two nights of lodging and meals was not clearly erroneous. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A).

Second, Plaintiff argues that he should not be required to reimburse Defendants for car rental expenses because it was unreasonable for Defendants to rent cars given the fact that the courthouse is only 2.2 miles away from the airport. (Obj. 6–7.) Plaintiff also takes issue with the fact that IMIA's representative drove 172 miles in his rental car. (*Id.*) However, as Judge Bartick noted, there is no indication based on

the receipts for the rental cars that the number of miles driven affected the cost of the rentals. (*See* ECF No. 21-2, Ex. C at 10, ECF No. 21-3, Ex. B. at 10.) Plaintiff merely provides maps indicating (1) the number of miles between the airport and the courthouse and (2) the number of miles between the courthouse and Defendants' hotels. (Obj. nn. 1–3.) Plaintiff does not provide any support to suggest that the increased mileage led to higher rental fees. Again, although it may not have been necessary for Defendants to rent cars to travel to their hotels and the ENE, it was not unreasonable for Defendants to do so. Accordingly, Judge Bartick's Order requiring Plaintiff to reimburse Defendants for their rental car expenses was not clearly erroneous. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A).

Third, Plaintiff argues that Judge Bartick's 25% reduction in airfare reimbursement to IMIA was not significant enough to counteract the price differential between first-class tickets and coach tickets for weekday flights from Pensacola, Florida, to San Diego, California. (Obj. 7.) Plaintiff requests that the airfare be reduced to $700.00. (*Id.* 8.) However, Plaintiff does not provide any relevant documentary support to show that $700.00 is a reasonable value of a coach ticket at the time IMIA's representative flew to San Diego from Pensacola.[1] In other words, Plaintiff has not met his burden to show that Judge Bartick's analysis comparing the costs of first-class tickets and coach tickets on Delta Airlines from Pensacola, Florida, to San Diego, California, was clearly incorrect. Consequently, Judge Bartick's decision to reduce the amount Plaintiff's counsel must reimburse IMIA for airfare by 25%—as opposed to a greater percentage—was not clearly erroneous. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A).

---

[1] To support his argument regarding airfare, Plaintiff provides evidence that a roundtrip ticket from Los Angeles, California, to Rome, Italy, or Paris, France, costs less than the reduced airfare cost ordered by Judge Bartick. (Obj. Exs. A, B, ECF No. 32-2.) Plaintiff also provides evidence of airfare prices between Los Angeles and San Diego. (*Id.* Ex. C.) This evidence, however, does not demonstrate what the reasonable cost of a roundtrip coach ticket from Pensacola, Florida, to San Diego, California, would have been at the time IMIA's representative booked his flight.

Fourth, Plaintiff argues that the reduced reimbursement amount should be further prorated by two-thirds because Defendants conducted other business while in San Diego. (Obj. 4.) This argument lacks merit. Judge Bartick already limited the reimbursement amount to those expenses incurred as a result of attending the ENE. Further prorating those expenses by two-thirds is not warranted. Accordingly, Judge Bartick's decision was not clearly erroneous. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A).

In closing, the Court highlights that Defendants did not accrue these travel expenses knowing that they would be reimbursed by Plaintiff's counsel. Rather, Plaintiff's counsel offered to reimburse Defendants for their reasonable travel expenses only after such expenses had accrued—several days after Plaintiff and his counsel failed to appear for the ENE that was rescheduled according to Plaintiff's counsel's availability. Judge Bartick's discretionary determination of the amount Plaintiff's counsel should reimburse Defendants was well-reasoned and based on adequate documentation submitted by Defendants. (*See* ECF Nos. 22, 31.) Therefore, the Court finds Judge Bartick's May 6, 2016, Order was not clearly erroneous. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A).

## IV. CONCLUSION

Because Plaintiff fails to demonstrate clear error, the Court **OVERRULES** his Objection (ECF No. 32) to Judge Bartick's May 6, 2016, Order (ECF No. 31). If Plaintiff's counsel has not already done so, the Court **ORDERS** Plaintiff's counsel to comply with Judge Bartick's Order (ECF No. 31) within fourteen days of the date of this Order.

**IT IS SO ORDERED.**

DATED: November 22, 2016

Hon. Cynthia Bashant
United States District Judge